

Robert E. Davis, Joe W. Matthews, Dallas, Tex., for defendant-appellant.

Stanley E. Neely, Stephen H. Philbin, II, Dallas, Tex., for Electronics Capital Corp.; Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal relates solely to the reasonableness of attorneys' fees awarded in connection with a judgment in favor of appellees, Electronics Capital Corporation, in the amount of $207,219.13. The judgment was rendered against appellant William Donald Sheperd as guarantor of a note made by General Electrodynamics Corporation and payable to appellees.

After granting summary judgment for appellant on the merits, the district court conducted a hearing in order to fix attorney's fees. In the document upon which suit was brought, the appellant promised to pay reasonable attorney's fees in case suit was brought to enforce collection of the debt. On this issue, testimony was taken from counsel for both parties as well as from six respected local attorneys. The attorney for appellee testified that he spent approximately 30 hours preparing motions, pleadings, affidavits, negotiating with appellees, and participating in hearings.

Testimony from the six local attorneys resulted in estimates of reasonable fees ranging from approximately $3,000 to approximately $25,000; appellees asked for $20,000 and appellant suggested $2,500. Based on this evidence, the district court fixed the fee at $10,000.

Determination of a reasonable attorney's fee is a matter which is left to the sound discretion of the trial judge. Hoffman v. Aetna Life Ins. Co., 411 F.2d 594, 595 (5th Cir. 1969); Connecticut Importing Co. v. Frankfort Distilleries, 101 F.2d 79 (2d Cir. 1939). See B-M-G Investment Co. v. Continental-Moss-Gordin, Inc., 437 F.2d 892 (5th Cir. 1971); Campbell v. Green, 112 F.2d 143 (5th Cir. 1940). Actual time spent in obtaining the judgment is not the only factor to be considered in fixing attorneys' fees in cases of this nature. The amount involved, the difficulty of collection, the value of the services rendered to the client and other elements may be considered. Our examination of the record reveals no abuse of this discretion. The judgment is affirmed.

**ST. JOE PAPER COMPANY, Plaintiff-Appellee,**

v.

**Roscoe O. WILLIAMS, Defendant-Appellant.**

**No. 30629.**

United States Court of Appeals, Fifth Circuit.

March 24, 1971.

James H. Faulkner, Birmingham, Ala., for defendant-appellant.

J. Michael Conaway, Walter R. Byars, Montgomery, Ala., for plaintiff-appellee.

Before GEWIN, BELL and ALDIS-ERT,* Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.**

**UNITED STATES of America**
v.
**Joseph A. RIZZO, Appellant.**
No. 19125.

United States Court of Appeals, Third Circuit.

Argued Feb. 4, 1971.

Decided March 17, 1971.

Emmett J. Conte, Jr., Wilmington, Del., for appellant.

Norman Levine, Asst. U. S. Atty., Wilmington, Del. (F. L. Peter Stone, U. S. Atty., Wilmington, Del., on the brief), for appellee.

Before McLAUGHLIN and VAN DU-SEN, Circuit Judges, and HANNUM, District Judge.

OPINION OF THE COURT

PER CURIAM:

This appeal is from a June 3, 1970, district court order, 313 F.Supp. 734, denying a Motion for Judgment of Acquittal, which was taken under advisement and was determined after the jury had been discharged due to its inability to reach a verdict, in a criminal prosecution for violation of 26 U.S.C. § 7206(2).[1] After careful consideration, we have concluded that the above order of June 3, 1970, is not a "final decision"[2] under 28 U.S.C. § 1291 for

---

* Of the Third Circuit, sitting by designation.

** See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

1. The indictment charges that defendant "did willfully aid and assist in and procure the preparation and presentation of a return and document, to wit, Internal Revenue Form 1099, * * * which was false and fraudulent as to a material matter in that the name of the ultimate recipient of the income from the payment of a winning parimutuel 'Big Exacta' ticket by Brandywine Raceway was falsely stated, misrepresented and concealed. * * *"

2. In Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937), the Court said:
Final judgment in a criminal case means sentence. The sentence is the judg-